UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RONALD D. NICHOLAS, | ) | CASE NO. 1:07 CV 1348 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| STUART HUDSON, | ) | |
| | ) | |
| Respondent. | ) | |

On May 9, 2007, *pro se* petitioner Ronald D. Nicholas filed the above-captioned petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Mr. Nicholas, who is incarcerated at the Mansfield Correctional Institution (MCI) in Mansfield, Ohio, filed this action against Stuart Hudson, Warden at MCI. He maintains that he "has a remedy under the Uniform Commercial Code, to have the statute construed in harmony with the Common-Law and now this Court must construe this Writ of Habeas Corpus in harmony with the Common-Law, this Court must come forth with a damaged party, and thereby issue this Writ of Habeas Corpus." (Pet. at 13.)

*Background*

Mr. Nicholas states he is "a natural born, free living, breathing, flesh and blood human with sentiment and moral existence, a real man upon the soil, a juris et de jure, also known as a Sovereign American and an Inhabitant." (Pet. at 1.) Each page of his petition is riddled with unintelligible, esoteric and obscure statements. Under "Supporting Facts," he states only: "Per the

i.e. STATE OF OHIO'S supersiding [sic] indictment the de-facto statutory remedy of appeals 2255 and the de-facto Writ of Habeas Corpus is all for naught." (Pet. at 2.) He then claims that "the judicial system has been operating under the Bankruptcy/Commercial Law, and there is no remedy in their de-facto military Courts." (Pet. at 2.) Moreover, he states he never would have entered into a "Consensual Contract that would have deprived Petitioner of his Constitutional rights of (1781). Therefore, Petitioner did not have any equal protections of the Law pursuant to the U.S. Constitution of (1781). Thereby Petitioner is being deprived of enjoying Laws which are being enjoyed by other Sovereign Americans, and is also being detained under un-Constitutional statute(s) or ordinance that of (1781)." (Pet. at 13.)

As his basis for relief, Mr. Nicholas sets forth the following: **"Ground One**: Jurisdiction;" "**Ground Two**: Constructive Contracts;" and "**Ground Three**: Ineffective Assistance of Counsel." (Pet. at 13)(emphasis in original.) For the reasons stated below, the petition is denied and this action dismissed.

*28 U.S.C. § 2241*

A generous reading of Mr. Nicholas's *pro se* pleading suggests that he is attempting to attack the constitutionality of his conviction. As a state prisoner serving a sentence imposed for violating a state statute, any attack upon that conviction is best raised under 28 U.S.C. § 2254. *Greene v. Tennessee Dep't of Corrections*, 265 F.3d 369, 372 (6th Cir. 2001). A petition for habeas relief pursuant to § 2254 is proper as long as the original cause of incarceration was the judgment of a state court. *Id.*, at 371 (quoting *Walker v. O'Brien,* 216 F.3d 626, 633 (7th Cir. 2000)); *see James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002) ("[A] state prisoner may challenge either the imposition or the execution of a sentence under Section 2254."). While he is not precluded from

raising his challenges under § 2241, petitioner is still required to meet the exhaustion criteria set forth for § 2254 petitions. Thus, Mr. Nicholas may bring his petition pursuant to § 2241 as well as § 2254, but he must comply with the exhaustion requirements of § 2254 in either case. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991)(requiring state prisoner bringing a federal habeas action to show that he exhausted available state remedies); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986)(concerning a § 2241 petition filed by a state prisoner).

Mr. Nicholas has failed to provide any indication that he has exhausted his state remedies. While he claims that "the United States put its insurance Policy into place with House Joint Resolution 192(2) of June 5, 1933 and recorded it in the Congressional record, and since then the judicial system has been operating under the Bankruptcy/Commercial Law and there is no remedy in their de-facto military Courts" (Pet. at 2), this argument is wholly unintelligible and does not address the issue of exhaustion. Without this information, this action cannot proceed.

*Unexhausted Claims Without Merit*

In most cases, a petitioner's failure to exhaust state court remedies requires dismissal of the entire petition without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982)(holding that a federal district court must dismiss a state habeas petitioner's writ containing both unexhausted and exhausted claims). However, where "the federal constitutional claim [is] plainly meritless and it would be a waste of time and judicial resources to require exhaustion," exhaustion may be excused. *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir.1991), *cert. denied*, 503 U.S. 922. In the instant case, the petition simply fails to set forth any coherent, cognizable grounds for relief.

Based on the foregoing, the petition is dismissed with prejudice pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

-3-

could not be taken in good faith.

        IT IS SO ORDERED.

        /s/Patricia A. Gaughan
        PATRICIA A. GAUGHAN
        UNITED STATES DISTRICT JUDGE

Date: 8/09/07